Toby v. Allen.

WILLIAM TOBY, *Survivor, &c.* v. A. K. ALLEN, *Adm'r.*

*Error from Douglas County.*

Action brought March 12th, 1864, on a note and mortgage maturing Nov. 10, 1864, against defendant in error making plaintiff in error party defendant, on whom service was had by publication, which was first made on plaintiff in error, July 21st, 1864. February 21st, 1865, plaintiff in error first moved to open, and opened the judgment theretofore rendered, and answered setting up a subsequent mortgage on the mortgaged premises, claiming satisfaction out of the surplus moneys arising on sale of the mortgaged property; *Held* that the statutes of limitation of this state apply directly to the subject of the controversy,* and it can make no difference whether the party seeking to enforce the claim be plaintiff or defendant, or whether it be by original action, set-off, counter-claim or cross-petition.

The plaintiff below had a right to make plaintiff in error a party defendant, and as such *he* had a right to set up his claim as against his co-defendant, (defendant in error,) and the mortgaged premises, and making him a party did not affect his claim as to the statute of limitations.

Whether the statute of limitations shall bar the claim of one made a party defendant in a foreclosure action, as against a co-defendant and on the mortgaged premises, depends upon the action of such claimant, subject to the conduct of his debtor, as absence, concealment, payment, &c., and not upon the acts of third persons.

The death of a debtor operates to suspend the statute until an administrator is appointed, because there must be a party to be sued, but giving notice of his appointment [section 74, Ex'r's & Adm'rs Act, Comp. L., 523,] does not affect the running of the general statute, which refers to bringing suits generally. *Semble,* that section only refers to presentation of claims to the administrator.

From the record it appears that the Hartford Fire Insurance Company on the 12th of March 1864, commenced an action against the defendant in error as administrator of Norman Allen, deceased, on a note and to foreclose a mortgage, both dated September 12th, 1860, payable six months from date, and for the sale of the mortgaged property, viz : the undivided half of lot No. 20, Massachusetts street, Lawrence, and the plaintiff in error was made a party defendant. Personal service was had on Allen, but service

---

* See Chick v. Willetts, 2 Kansas, 384.

by publication on Toby, the first insertion of the publication notice being July 21st, 1864. Judgment by default was rendered November 18th, 1864, and decree of foreclosure against all the defendants below, and the property was sold February 18th, 1865. On the 21st of February 1865, the defendant below, Toby, moved to open the judgment and to be let in to answer in the case which was allowed, and he filed an answer setting up another note and a subsequent mortgage to the other, given by the same party on the same premises, claiming judgment and satisfaction out of the surplus from the sale of the premises. This note was dated November 1st, 1860, payable in six months. To this pleading a reply was interposed setting up the " three years statute of limitations." On the trial before the court evidence was given on the issues, and the court found " that from the maturity of the note in said answer set forth until the death of Allen and the appointment of A. K. Allen as administrator, the said Norman Allen had been absent from the state of Kansas 189 days," and made other findings of fact and law.

Judgment was rendered for the defendant in error, the court below finding the facts substantially as above. To reverse this judgment the action is brought here.

*Wilson Shannon*, for plaintiff in error.

*Thacher & Banks*, for defendant in error.

*Shannon* submitted:

1st. The note to Toby would have been barred May 5th, 1864, but the time Norman Allen was absent from the state, 189 days, is to be added to the three years, bringing the time down to November 10th, 1864, before the note could be barred. *Comp. L.*, 128, *sec.* 28.

The statute ceased to run from the time the Hartford Insurance Company commenced their suit against Allen and Toby. As to Allen, the suit was commenced March

12th, 1864, the day of the personal service of the summons on him. As to Toby, the suit was commenced on the date of the first publication notice, viz: July 12th, 1864. *Comp. L.*, 128, *sec.* 27.

If the statute of limitations as to the Toby note was suspended from the date of the first publication notice on him, then the claim is not barred.

Toby being in court the statute does not run against him, and whether he pleads in time or not makes no difference. Had Toby filed his answer before judgment, would he not have been deemed in court from July 21st, 1864? The statute of limitations as to him, would have been suspended after that date. But the fact that Toby being a non-resident, failed to receive actual notice of the pendency of the action in time to answer before judgment, cannot change the result. He answered within the time prescribed by law in such cases, and he filed his answer in the same manner as though no judgment had been taken. (*Comp. L.*, 137, *sec.* 83.) Once let in to defend, Toby is in court from the time the suit was commenced against him, and for all purposes.

2d. The limitation ceased to run on the death of the debtor, and does not begin again until an administrator is appointed and he gives notice thereof in the manner provided by law. (*Angel on Lim., p.* 54, *sec.* 63; *Comp. L.*, 525, *sec.* 74.) An appeal suspends the right of action and prevents the statute from running. 12 *Wheat.*, 129; 4 *Mason*, 16.

If by provision of a statute a debtor cannot be sued, the statute ceases to run as against claims of creditors. (*Ang. on Lim., p.* 54, *sec.* 63, *note* 2; *Hays* v. *Cage*, 2 *Texas*, 501.) So, injunction suspends the operation of the statute. *Ang.*, *sec.* 196; *Mattingly* v. *Boyd*, 20 *How.* (*U. S.*,) 128.

Allen having given no notice of his appointment as administrator of Norman Allen, deceased, the suspension of the statute continued and still continues. Norman Allen

having died before suit was brought, the statute is still suspended and cannot be set up as a bar. (9 *Mo.*, 260, 261.) Our statute is similar to that of Missouri.

*Thacher & Banks*, for defendant in error, submitted:

1st. The contract set up by Toby was barred November 10th, 1864. *Civil Code*, sec. 20; *Chick* v. *Willetts*, 2 *Kansas*, 384.

2nd. The 83d section of the Civil Code, under which defendant below (plaintiff in error,) was permitted to come in and defend, contemplates only a defense to the original cause of action by an adverse party. (*Comp. L.*, 136.) Defense formerly meant denial; (3 *Blck. Com.*, 296; *Co. Litt.*, 127; 1 *Bouv. L. Dic.*, 389); later it includes justification and avoidance. *Id. title* "defense." A defense is something by which the party filing the plea defends against the matter pleaded by the adverse party. Toby's answer admits the claim of the plaintiff in the action below, sets forth no counter-claim or other adverse claim, nor does it seek to avoid it. Toby's claim is simply one against his co-defendant Allen, for a surplus of purchase money.

The claim of the Insurance Company is neither a "set-off," (Barb., on Set-Off, p. 17,) a defense, (1 Bouv. L. Dic., 389,) nor a counter-claim. *Sec.* 102 *Civil Code*; *Sec.* 103 *Comp. L.*, 140, 141.

Although the answer of Toby may be construed to contain matter "connected with the subject of the action" set forth in the petition of the Insurance Company, yet it is not a counter-claim "existing in favor of a defendant and against a plaintiff between whom a several judgment might be had" in that action." "Several" is opposed to joint. (3 *Rawl*, 306.) Several judgment is one not common; is an *exclusive* judgment. *Bouv. L. Dic.*, 520; *Burrill Law Dic*, 531.

No service of the application to open the judgment was had on the plaintiffs below; notice was served only on Al-

len. The plaintiffs in the original action are not interested in the surplus moneys received on the sale of the mortgaged premises. The plaintiffs' claim is satisfied. The defendant Toby in this answer does not seek to disturb nor open their judgment nor interfere with their remedy. Sufficient facts are not set forth in the answer of Toby to entitle him to open that judgment.

Section 83d of the Code provides that the notice of the application to open the judgment "shall be served on the adverse party." The plaintiffs are the only adverse party to the judgment sought to be opened. They were not served. For that reason, then, the judgment could not be opened. The Code provides how notices of such motions should be served. *Secs.* 83, 518, *p.* 214, *Comp. L.*

Again: At the time the answer of Toby was filed the Insurance Company, original plaintiffs, had no interest whatever in the mortgaged property. It had been sold ; the rights of the purchaser could not be disturbed. (*Civil Code, sec.* 83.) Neither the plaintiff's judgment nor decree could be disturbed by any thing set up in this answer. It could not then in any manner be material in the original suit.

At most, it is but a cross claim, and one against a co-defendant for the surplus of the purchase money in his hands after satisfying the note of the Insurance Company.

Under the Civil Code this is not a proper matter of answer. The Code is supreme as to practice and as to the remedies of parties. By it old forms of action (section 10,) and rules of pleading (section 92,) are abolished, and the pleadings to be used are prescribed by the Code and no others are permitted. (*Sec.* 93.) There is no provision in our Code as in that of Ohio for setting up in an answer a cross cause of action against a co-defendant. (*See Seeney's Code, p.* 99 ; *Amend. to sec.* 84 ; 54 *Ohio L., p.* 91 ; *See U. S. Eq. Dig* , 432, *sec.* 442 ; 4 *Ala.*, 452.) There is a provision (sec. 105,) for striking out counter-claims and for their being made " the subject of another action."

The intent of section 83 is to let in to defend only those defendants who show due diligence in making their application and in coming in with their claim.

The fact that defendant Toby has come in with a stale demand, barred by the statute of limitations and has served no notice on the adverse party to the judgment, shows a lack of diligence on his part that cannot be cured. Diligence must be shown, (*See Angel on Lim.*, 327; 3 *Wend.*, 472; 5 *Cow.*, 519; 14 *Wend.*, 83; 6 *Cow.*, 471; 6 *Amer. Com. L.*, 488,) at equity as well as at law. (*Angel on Lim.*, 22, *sec.* 25; 20 *U. S. Dig.*, 347, *sec.* 711; 38 *N. H.*, 400.) The Code recognizes the same doctrine. *Secs.* 27, 83.

3d.    Should it be determined that the answer could be allowed to come in under section 83 of the Code, then we submit: *First*, that it is an answer setting forth a counter claim; or *second*, that it is one in the nature of a cross-bill in equity; or *third*, it is the commencement of a new action.

*a.* Viewed as an answer setting up a counter-claim to the cause of action of plaintiff in the original action, the question arises : At what time did the statute cease to run as against the cause of action so set up?

The cause of action is indivisible as to the statute. If it runs against it as a claim for one purpose it does for all. *Chick* v. *Willetts*, 2 *Kans. R.*, 384.

There is no distinction between a counter-claim and a set-off as to the time when the statute ceases to run against it. Both are founded on the principles of compensation. *Barb. on Set-off*, 17; 15 *Wend.*, 55, 56; *How. N. Y. Code*, *pp.* 259, 260, *notes.*

The distinctions between counter-claims and set-offs are that counter-claims cover a greater variety of causes of action, and that a cause of action proper for a set-off was deemed satisfied in a suit upon the matter against which it might have been pleaded as a set-off, (How. N. Y. Code, 260-1 ; Welch *v.* Hazelton, 14 How., 97,) while a defendant

may elect as to using a cause of action as a counter-claim, or to bringing an action thereon.  *How. N. Y. Code*, 261-2 ; 1 *Duer*, 667; 14 *How.*, 97.

These destinctions cannot affect the question involved in this case, except that the counter-claim of the Code is more independent of the original cause of action than a set-off, and hence the statutes would not be as liable to cease to run against it, by the commencement of the original action as in a case of set-off.

The statute ceases to run as against a set-off only at the time of filing notice thereof, or of the pleading thereof. *Ang. on Lim.*, 325 ; 18 *Pick.* 521 ; 20 *U. S. Dig.*, 646, *sec.* 288; *Holley* v. *Rabb*, 12 *Rich Law, S. C.*,) 185.

" The question whether a note pleaded in set-off is barred by the statute of limitations, must be considered and decided by itself." 13 *U. S. Dig.*, 465, *sec.* 31 ; *Holleman* v. *Rogers*, 6 *Texas*, 91. *See also* 2 *Stra.*, 1271 ; 3 *Mar.*, 236; 3 *Bibbs*, 49 ; 8 *Bac. Ab.*, 640, (*Barb Ed.*, 1861); 9 *Cow.*, 357 ; 8 *Bac. Ab.*, 642 ; 5 *U. S. Dig.*, 373, *sec.* 567, 3 *Alabama*, 588.

The onus is on Toby to remove the bar of the statute. 5 *U. S. Dig.*, 374, *sec.* 581 ; 3 *Yerg.*, 496.

We see no distinction between this case as to the principle applicable, and where an amendment brings in other parties as to whom the right to sue was barred at the time of the amendment, (3 Abb. N.Y. Dig., 715, sec. 14 ; 6 Paige, 655; 16 U. S. Dig., 446, sec. 159; 37 Maine, 668 ; 18 U. S. Dig., 502, sec. 62; 10 Ind., 183 ; 20 U. S. Dig., 646, sec. 260; 34 Miss., 437,) and where a new charge is introduced into a bill by amendment, (though founded upon papers previously exhibited.) (2 *U, S. Eq. Dig.*, 262, *sec.* 227; 3 *Iredel's Ch.*, 535.) In these cases the lapse of time must be computed to the time of the amendment.

An off-set must be pleaded to be available. (2 *U. S. Eq. Dig.*, 553 *sec.* 144; 7 *Paige Ch.* 208.) This is equally true of a counter-claim.

The only instance where this principle is not recognized is in case of running accounts between merchants, but even this rule is not universal. 10 *B. Mon.*, 112.

We think the statute of limitations continues to run against a defendant's claim until the same is pleaded, and that this rule is applicable both to set-offs and defenses in the nature of pleas in *reconvention* or counter or cross claims. *See* 16 *U. S. Digest*, 446, *sec.* 163; *Fowler* v. *Stoneman*, 11 *Texas*, 478; *Ang. on Lim.*, 325; 18 *Pick.*, 521; 20 *U. S. Dig.*, 646, *sec.* 288; 13 *Id.*, 465, *sec.* 31; 6 *Texas*, 91.

As to definition of plea in reconvention, see Story's Eq. Pl., sec. 402; 1 Bouv. L. Dic., 401; Id., 354, "cross action."

(*b.*) Regarded as an answer in the nature of a cross-bill:

It is against a co-defendant alone; claims no relief against the plaintiff; neither a cross bill nor an answer in the nature of one would be allowed, where the matters set forth therein are pleadable in an answer; (1 Vansand Eq. Pr., 212, 214; 3 Abb. Pr. R., 359; 7 Id., 373; 1 Vans. Eq. Pr., 224, 226; 1 Code R., (N. S.,) 121; 1 Id., 105; for instance, where the matters set up constitute simply a counter-claim. *Id.*

A cross-bill and the original bill are as distinct as to pleading, as to defenses. The claim of Toby in no manner depends upon the cause of action set forth in the original petition. The only claim the Insurance Company had against Toby was to foreclose his interest in the mortgaged property. This Toby does not controvert. The claim does not depend upon the service of the summons in the original cause; there is nothing in that to take the defendant's cause of action as against his co-defendants out of the operation of the statute. There is no reason why the bringing of the defendant Toby into court in the original action, prevented the operation of the statute upon their cause of action against their co-defendants any more than

that saves any other cause of action he may have against co-defendants. It is the pleading of a cause of action as a defense that makes it available.

There are but two instances where the same kind of defenses may not be put in to a cross-bill that may be to the original bill. These are the plea of jurisdiction and to the person of complainant. In all other respects cross-bills are liable to all the pleas in bar to which original bills are liable. 2 *Barb Ch. Pr.*, 132-3, *and cases.*

This answer regarded as a cross-bill is equally liable to an answer of the statutes of limitation, as was the plaintiff's petition, and there is no reason why if the cause of action set up therein is barred at the time it is pleaded, it may not be taken advantage of by answer, as well as though it were contained in the original pleading, or as though it simply set up an off-set or as though it were inserted in the original petition by amendment.

The independence of a cross-bill is still further shown by the fact that a revivor of the original bill does not revive the cross-bill, but there must be a revivor in each cause. 2 *Barb. Ch. Pr.*, 58; *Met'f. Eq. Pl.*, 220.

But it has as we have seen been held that the statute runs against the cause of action in a cross-bill (a plea in reconvention of the civil law was a species of cross-bill, Story Eq. Pl., sec. 402; 1 Bouv. L. Dic., 400,) until it is pleaded. 16 *U. S. Dig.*, 446, *sec.* 163; 11 *Texas*, 478.

(*c.*) But we submit that the pleading in question cannot be construed either as an "answer" within the meaning of section 83, nor as an answer in the nature of a cross-bill, but that it was the commencement of a new action in effect.

It is true the summons was not regular but the appearance of Allen doubtless waived this irregularity.

*First.* It cannot be regarded except as the commencement of a new action, because 1st. No notice was served on the "adverse party" to the judgment. 2d. It sets forth

no defense to the original cause of action, but simply seeks to appropriate the surplus in Allen's hands, in which plaintiffs below have no interest. Allen as representative of Norman Allen's estate, is alone interested in the subject matter of the answer.

A counter-claim must operate in some way to defeat in whole or in part, the plaintiff's right of recovery in the action. 6 *Abb. N. Y. Dig.*, 164, *sec.* 2; *Cit. Nat. Fire Ins. Co.* v. *McKay*, 21 *N. Y.*, 191; *Mattoon* v. *Baker*, 24 *How. Pr.*, 329.

The notice was served on Allen alone. By this proceeding Toby seeks " in a court of justice to prosecute another person (Allen alone,) for the enforcement or protection of a right " or " the redress or prevention of a wrong." This is an action under the Code, (Sec. 4.)

The answer filed we have seen is " immaterial as between him (Toby) and the plaintiff, but is intended to form a cause for the adjudication of equities between him and a co-defendant." It would in the original case be struck out on motion, (Woodworth v. Bellows *et al.*, 4 How. Pr., 24,) or under section 105 Code, perhaps ordered to be made the subject of a new action.

As a cross-bill, it is not " confined to the matters stated in the original bill," but " introduces new and distinct matters not embraced therein." Its only evident object is to appropriate the surplus. As to this under our Code, or under the old chancery practice, no decree could be rendered on the bill, for as to that matter it is an original bill. 1 *Vans. Eq. Pr.*, 226; *Hopk.*, 48; 1 *Vans. Eq. Pr.*, 226; *Cit. Metf.*, *Eq. Pl.*, 81, 82; 2 *Barb. Ch. Pr.*, 131-2; 2 *U. S. Dig.*, 433, *sec.* 446; 1 *S. & M. Ch.*, 376.

When Toby's answer was filed we have seen the original plaintiffs had no interest in the real estate. The answer of Toby is not " confined to the matters in litigation in the original suit but seeks to bring before the court other distinct matters and rights." The answer doubtless sets forth

rights sufficient for a cause of action under the Code, if it were not barred. It sets forth matters that are competent only in a contest between Toby and other creditors of Norman Allen, deceased. They have an interest in that surplus. Defendant in error represents them as well as the estate. No prayer of sale; none for any relief against the plaintiffs in the original suit. This answer is required to be and is presumed to be "full." (Sec. 83 Code.) No claim is set up that would entitle Toby to any relief, except as against his co-defendant Allen. The answer then is not entitled to be deemed a cross petition, but the commencement of a new suit. 1 *Vans. Eq. Pr.* 227; 2 *Barb Ch. Pr.*, 133; *Story Eq. Pr.*, 413; *Metf. Eq. Pl.*, 230; *Story Pl.*, 483.

As a new action the statute of limitations was well pleaded.

The Code provides that actions shall be deemed commenced within the meaning of the second title "as to each defendant, at the date of the summons which is served on him," &c.; when service by publication is proper, at the date of the first publication regularly made. (Code sec. 27, p. 128 Comp. L.) Civil actions other than for the recovery of real property can only be brought within the following periods, &c., within three years, an action upon a speciality, &c. *Secs.* 19, 20, *Comp. L.*, 127.

Viewing the proceeding in the court of justice by the defendant in this case, as a proceeding whereby he as "one party, prosecutes another party (defendant Allen,) for the enforcement or protection of a right or the redress or prevention of a wrong;" in other words viewing the proceeding of defendant Toby as an action within the meaning of section 4 of the Civil Code, and it is equally plain when the statute ceased to run as to his cause of action against Allen, viz: when the summons or notice of the commencement of his proceeding was served on defendant Allen.

52

The fact as to when a statute of limitation ceases to run against a claim, depends upon the diligence of the party holding the claim and not upon the diligence of a third person. The object of the statute of limitations is to prevent the bringing into court of stale demands. They are called statutes of repose, and are to be favored by the courts. A construction of the statutes which makes the acts of a third party like the plaintiff's in this case, sufficient to take the cause of action of Toby against Allen, out of the operation of the statute, without any diligence or effort on the part of the party (Toby,) whatever, is a construction that defeats the very object of the statute. But construing the statute on principle and conformable to its object, that is, that the statute ceases when the party holding the claim takes the first step in the prosecution of his claim against those liable on it, and no violence is done to its language or spirit.

Such a construction is in conformity with the changes made by the Code in the nature of the limitation of actions, viz: changing them from the "forms of actions" to the causes of action themselves, and making their operation depend upon the diligence of the creditor in prosecuting his claim. *See Chick* v. *Willetts*, 2 *Kans. R.*, 384, CROZIER, J.

5th. The record is silent as to when defendant in error was appointed administrator, and as to notice of the appointment and lack of it. The evidence is not given, but the court finds as facts "that from the maturity of the note the said answer set forth, until the death of Allen and the appointment of A. K. Allen as administrator, the said Norman Allen had been absent from the state of Kansas 189 days."

From the record it is fairly inferable that A. K. Allen was appointed as administrator as soon as N. Allen died. At all events, that 189 days covered the time of N. Allen's absence from the state and the time that intervened be-

tween the death of N. Allen and the appointment of A. K. Allen as his administrator.

Now this appointment as administrator having been admitted in the pleadings, it is submitted that notice of such appointment was waived by plaintiff in error. and that the court below found all the facts in the case necessary for the full determination of the rights of parties.

The statute provides that it shall be the duty of the administrator to give notice for the presentation of the claims within thirty days after his appointment. Having before us the finding of the court and judgment below, it is submitted that it must be presumed that such notice was duly given within the time prescribed by law.

It will be presumed that evidence was introduced in the court below, showing such notice. Proof of actual notice would be sufficient. 9 *Mo.*, 260.

The statute pleaded in this case is the general statute under the Code. This will create a bar although no notice is required or given. *See* 9 *Mo.*, 263; *City Labaum* v. *Hempstead*, 1 *Mo.*, 554, 773.

*By the Court*, CROZIER, C. J.

The only question presented in this case for the consideration of the court, is: at what time, with reference to the claim of Toby, did the three years contemplated by the twentieth section of the Code, commonly called the three years limitation, expire?

It is agreed that, regularly, and regardless of the exceptions on account of absence, &c., mentioned in the Code, the claim of the plaintiff in error would have been barred on the 5th day of May 1864, but that during the interval between the maturity of the note and the time mentioned, there were one hundred and eighty-nine days to be excluded from the computation on account of the absence of the maker of the note, and the want of an administration after his death, which would bring the time at which an

action would be barred down to November 10th, 1864. The first affirmative action by the plaintiff in error upon his claim was taken February 21st, 1865, at which time he insists it was not barred, for two reasons : *first*, the three years statute of limitations embodied in the Code was suspended on the 21st of July 1864, the date of the first publication, by reason of the commencement of the original suit as to him ; and *second*, it remained suspended for want of the notice contemplated by the seventy-fourth section of the act concerning executors and administrators. These propositions will be considered in the order stated.

I.   The statute of limitations of this state, unlike the English statute, and that of some of the states copied therefrom, applies directly to the subject of the controversy ; to the predicate of the action sought to be taken in the proceeding. And it can make no difference what may be the technical position in this suit, whether plaintiff or defendant, of the party seeking to enforce the claim. If it be such as requires affirmative action on the part of the individual seeking to enforce it, it is wholly immaterial whether he occupies the position of plaintiff or defendant. The prohibition of the statute applies with equal force to it, be he in either position, so that it is wholly unnecessary to inquire whether the claim is properly the subject of an original action, of a set-off, counter-claim, or cross petition. In either event the operation of the statute is precisely the same.

In the case at bar, the law gave the plaintiff the right to make Toby a party defendant. Being a party, the law also gave Toby a right to set up his claim as against Allen, the administrator, and the mortgaged premises ; and in regard to his claim he stood in precisely the same position with reference to the statute of limitations that he would have occupied had he commenced the suit himself at the time he first took affirmative action upon his demand. Making him a party did not affect his claim in the least,

with reference to the statute.    That gave him the privilege of setting it up in that proceeding, and nothing more.    Had the plaintiff omitted to make him a party the court at any time before final judgment upon his own application, would have made him a party; in which event it would not have been pretended that the statute would have ceased to run as to his claim until such application was made.    Why, in the nature of things, then, should the making of him a party originally suspend the running of the statute?    Whether that law shall operate to bar his claim is made to depend entirely upon his own action, subject to the conduct of the debtor as to absence, concealment, payment, &c.    Its operation in no event is made to depend upon the action of third persons.    No matter who shall commence a suit or who shall forbear, the operation of the statute depends wholly, subject to the exceptions above referred to, upon the action of the owner of the claim sought to be enforced.    Hence, although the suit, as to Toby, as between him and the Insurance Company, was commenced July 21st, 1864, the date of the first publication, with reference to his claim as between himself and his debtor, the statute was not thereby suspended.

II.    But Toby contends, secondly, that because no notice as required by the seventy-fourth section of the act concerning executors and administrators (Comp. L., p. 523,) was given, the statute of limitations which was suspended by the death of the debtor, remained suspended as to his claim.    It is true that the death of the debtor operates to suspend the statute until an administrator is appointed, because there must be a party to be sued.    But the giving of the notice of his appointment by the administrator as contemplated by the section referred to does not affect the running of the statute.    That section refers only to the presentation of claims to the administrator, requiring that all claims, whatever their date, be presented within three years from the date of the letters.    If a claim would be

barred by the general statute in one year from the date of the letters, the giving of the notice would not extend the time two years; nor would a failure to give the notice have that effect. But if a claim would not be barred by the general statute, by reason of not being due at the death of the intestate, until say four years after the date of the letters, the giving of the notice might possibly cut off the last year; yet the failure to give the notice could not operate to extend the time within which the suit might be brought beyond the four years. The two statutes apply to entirely different things. One refers to the bringing of a suit generally; the other to the presentation of a claim to an administrator. Wherefore, although no notice of his appointment was given by the administrator, the running of the general statute embodied in the Code, was not, for that reason, suspended.

In the opinion of this court, the action of the District Court, in adjudging the right of the plaintiff in error to enforce his claim to be barred, was not erroneous. The judgment of that court will be affirmed.

All the justices concurring.