HILIARE LANOUE, et al., v. McKINNON & Co.

1. APPURTENANCES; *Mills; Mill-Dam, and Water-Power.*   Where it appears from a mortgage that certain pieces of real estate, with two mills, and "all and singular the hereditaments and appurtenances thereunto belonging," are mortgaged, and it also appears from the pleadings and admissions of the defendants and mortgagors that a certain mill-dam and water-power are appurtenant to said mills and real estate, and it does not appear whether said dam and water-power are situated on said real estate or not, it is not error to render judgment that said mortgage is a lien upon said dam and water-power as well as upon the real estate more particularly described in the mortgage.

2. ATTORNEY-FEE; *When Recoverable by a Co-Defendant; Foreclosure.* Where M., one of several defendants in a foreclosure suit, sets forth in his answer a cause of action on a promissory note and mortgage against

L., a co-defendant, *held*, that this, in legal effect, is *the bringing of an action* on such note and mortgage against such co-defendant; and therefore, where such co-defendant has stipulated in such mortgage to pay an attorney-fee to the holder thereof for the prosecution of any action that might be brought to recover any amount due on said note and mortgage, the court when rendering judgment on said note and mortgage does not err in also rendering a judgment for an attorney-fee.

### *Error from Cloud District Court.*

HILIARE LANOUE was the owner of several parcels of real property in Cloud county. He together with his wife *Harriet*, on the 17th of August 1874, executed their note for $3,000 and a mortgage to secure the same to the *Mo. Valley Life Ins. Company*, such mortgage being on a certain portion of such real property. Afterward, and on the 27th of October 1874, they executed their note for $3,000 and a mortgage to secure the same to *Annie L. McKinnon* and two others (partners as "*McKinnon & Co.*,") such mortgage covering the property described in the mortgage to said *Life Ins. Company*, and certain other property. And on the 24th of August 1875 they executed their note for $815 and a mortgage to secure the same to the *Great Western Manufacturing Company*, such mortgage covering a portion of the property described in the mortgage to the *Life Ins. Company*. On the 14th of August 1875, *P. Plamondin* recovered a judgment against said *Hiliare Lanoue* for $204.95, and costs, which judgment was a lien on all the real property of said *Lanoue* except that part thereof occupied by him and his family as a homestead. The note given to *McKinnon & Co.* was on its face due and payable 27th October 1875, but by reason of the conditions of the mortgage given to secure the same, and the alleged breach of such conditions, *McKinnon* claimed that such note had become due and payable previous to the 17th of September 1875, and on the day last named said *McKinnon & Co.* commenced their action against *Lanoue* and wife on said note, and to foreclose their said mortgage; and they joined as co-defendants said *Mo. Valley Life Ins. Company*, said *Great Western Manuf. Company*, and said

27—19 KAS.

*Plamondin.* The summons to the *Lanoues* was issued September 17th, returnable September 18th, with answer-day fixed for October 8th. Each of the other summonses was issued September 17th, returnable on the 27th, with answer-day fixed for October 19th. Neither answer nor demurrer was filed by defendants *Lanoues*, but they appeared specially and moved to set aside the summons as to them, which motion was overruled. Defendant *Plamondin* answered October 5th, setting up his judgment-lien. Defendant *Mo. Valley Life Ins. Company* answered October 13th, setting up its mortgage-lien, and demanded judgment for $3,000, and interest, and ten per cent. thereon as attorney-fees, and for the foreclosure of its mortgage. Defendant *The Great Western Manf. Company* answered October 13th, setting up its mortgage-lien, and demanded judgment for $815, and interest, and ten per cent. thereon as attorney-fees. The October Term 1875 of the district court commenced Monday, October 25th. The action was placed on the trial docket for that term, the day fixed for hearing being the fourth day of such term, and was then tried. Personal judgments were rendered against defendants *Lanoues* as follows: in favor of plaintiffs *McKinnon & Co.*, and defendants *Mo. Valley Life Ins. Co.* and *Great Western Manuf. Company*, for the respective sums, principal and interest, stated in the notes and mortgages by them respectively held, and a decree of foreclosure and for the sale of the mortgaged premises was duly made and entered. The priority and amounts of the respective liens found by the court were as follows: *first*, in favor of the *Mo. Valley Life Ins. Co.* for $3,325 debt and interest, and $321.50 as attorney-fees; *second*, in favor of *McKinnon & Co.* for $3,300 debt and interest, and $330 as attorney-fees; *third*, in favor of *Plamondin* for $214.55; *fourth*, in favor of *Great Western Manuf. Company*, for $815 and interest thereon. The defendants *Lanoue* and wife moved to set aside the findings and decree, and for a new trial, which motion was overruled and denied, and they now bring the record here on error for review. The

other defendants below, and the plaintiffs below, are joined as defendants in error.

*L. J. Crans,* and *E. J. Jenkins,* for plaintiffs in error, contended, first, that the district court erred in overruling the motion to dismiss the action, because no legal summons had been issued against them; (code, §§ 105, 122; 8 Kas. 677, 683; 10 Barb. 117;) second, that the court had not acquired jurisdiction of said Lanoue and wife at the time of the entry of said judgment and decree; third, that the action was not triable at the October Term 1875, the time fixed by law for the pleadings to have been made up not having expired; (code, § 351; laws of 1871, ch. 116, § 5;) fourth, that the judgment in favor of the Mo. Valley Life Ins. Company was declared a lien on property not included in the mortgage · executed to such company; fifth, that no attorney-fee was recoverable by the defendant the Mo. Valley Life Ins. Company.

*Strain & Sturges,* for McKinnon & Co.

*T. A. Hurd,* for Life Ins. Co. and Manuf. Company.

The opinion of the court was delivered by

VALENTINE, J.: Nearly all the legal questions raised in this case have heretofore been decided in other cases, and it will therefore not be necessary for us now to enter upon any discussion of them. All except the last two questions raised by the plaintiffs in error will be found settled in the following cases and statutes, to-wit: *Clough v. McDonald,* 18 Kas. 114, first proposition of the syllabus; *Neitzel v. Hunter,* ante, p. 221, first and fourth propositions of the syllabus; *Dougherty v. Porter,* 18 Kas. 206, first and third propositions of the syllabus; *Cooper v. Condon,* 15 Kas. 572, first proposition of the syllabus; Gen. Stat. 743, sections 569, 572.

The two new questions are as follows: First, Did the court below in rendering judgment in this case declare that the mortgage of the Missouri Valley Life Insurance Company was a lien upon property not included in said mortgage?

Second, Did the court below err in rendering judgment in favor of the Missouri Valley Life Insurance Company for attorney-fees?

I. Said mortgage included the following property situated in the city of Concordia, Cloud county, to-wit: All or nearly all of block 195, with a stone grist-mill and a steam saw-mill upon it, and some lots, and "all and singular the hereditaments and appurtenances thereunto belonging." The court below in rendering judgment declared "that the said mortgage is the first lien upon the lands in said mortgage and in the said answer and in the said petition described." Now this declaration of the court below is undoubtedly correct with reference to the lands described in said mortgage and said answer; but whether it is correct with reference to the lands described in said petition, is questioned. The petition not only described said block, and lots, and mills, but also in connection with said block and mills mentioned a *dam and water-power* in the following words to-wit: "and the dam and water-power *appurtenant* thereto." The plaintiffs in error also in their mortgage to McKinnon & Co., (which is the mortgage described in the petition,) mention said block and mills, and dam and water-power in the same way. That is, they admit in their mortgage to McKinnon & Co. that the dam and water-power are appurtenant to said block and mills; and there is nothing in the record that we have found tending to show the contrary. Indeed, from anything that we have found in the record said dam and water-power may have been on the land described in the said first-mentioned mortgage. But whether they were on such land or not they were *appurtenant* thereto, and were therefore included in the mortgage; and the court below did not err in declaring the mortgage a lien thereon. Whether the court below erred in determining the priority of the various liens as between the various parties who are now defendants in error, is not a question for the plaintiffs in error to raise. The defendants in error are not complaining.

II. The plaintiffs in error in their mortgage to the Mis-

souri Valley Life Insurance Company stipulated as follows: "And the parties of the first part herein promise and agree, to and with said party of the second part, that in any action that may be brought for any amount that may be due and unpaid upon said note, or by virtue of any of the provisions of this mortgage, or to enforce the same, the party of the second part or its assigns shall be entitled to and may have, recover, and receive, of and from the said parties of the first part, ten per cent. upon the amount due and recoverable at the time payment shall be made, or judgment rendered, as and for fees and compensation of attorney or attorneys of the party of the second part or its assigns for services in such action," etc. The plaintiffs in error claim that no judgment for attorney-fees should have been rendered in this case in favor of the Missouri Valley Life Insurance Company because *the action* was not brought by such company. McKinnon & Co. were the plaintiffs in the court below, and the Missouri Valley Life Insurance Company was a co-defendant with the plaintiffs in error. The insurance company set up in its answer its cause of action on said mortgage, and on the note which the mortgage was given to secure. This we think was in effect bringing an action on said note and mortgage. Such a view seems to be recognized in the case of *Toby v. Allen,* 3 Kas. 399, 412, 413. And such a view we think is generally recognized.

The judgment of the court below will be affirmed.

All the Justices concurring.