## C. I. RICHARDS V. JOHN C. TARR *et al.*

1. HOMESTEAD, *Owned by Wife — Taxes.* The husband is not personally liable for taxes levied on lots owned by his wife, although occupied by both as their homestead.

2. TAX DEED, *Void — Presumption — Statute of Limitations.* Where the court held a city tax deed void, but neither the city ordinance authorizing such deed nor the deed itself is in the record, but there is a stipulation that the ordinance did not contain either a form for a deed or what it should recite, *held,* in order to sustain the judgment it will be presumed that the deed was sufficient on its face to set the statute of limitations running upon filing it in the office of the register of deeds.

3. TAX LIEN — *Wife Pleading Limitation of Action.* In an action commenced against the husband on such a deed for such a recovery of the land, and after two years have passed since the filing of the deed in the office of the register of deeds, the wife on her own motion is made a party to the action in order to resist the claim of the plaintiff for a tax lien upon the lots, she can plead the statute of limitations in her behalf, although the action was brought against her husband within two years from the filing of the deed.

*Error from Leavenworth District Court.*

EJECTMENT. The opinion states the case.

*John C. Douglass,* for plaintiff in error.

*H. W. Ide,* for defendants in error.

Opinion by HOLT, C.: This is an action of ejectment, commenced by plaintiff in error against defendant in error, John C. Tarr, the plaintiff claiming title to the south 60 feet of lots 14, 15, and 16, in block 1, Day's subdivision to the city of Leavenworth, under a tax deed for city taxes. The defendant answered by a general denial. On the trial, at the April term, 1886, of the Leavenworth district court, the plaintiff's tax deed was held to be void; and thereupon the plaintiff asked the court to find that the taxes paid by him were a lien upon this tract. After the application of plaintiff was made, M. E. Tarr, the wife of John C. Tarr, on her own motion was made a party defendant over plaintiff's objection, for the purpose

of resisting the application of plaintiff for the allowance of a tax lien. The court, trying the case without a jury, made the following findings of fact and conclusions of law:

"1. On the 6th day of March, 1872, the city of Leavenworth, then and ever since and at all times therein, was a city of the first class, in Leavenworth county, state of Kansas, and by its clerk conveyed to the plaintiff by tax deed the property in controversy, to wit: The south 60 feet of lots 14, 15, and 16, in block 1, in Day's subdivision of said city. Said tax deed was for all delinquent taxes for 1871 and 1872, and which, with interest and costs, now amount to $403.84, estimated under the provisions of § 142, ch. 107, p. 967, Dassler's Comp. Laws of 1879; said tax deed contains no recital that the land was subject to taxation for those years, and no recital that the lots were advertised for sale by public notice, etc., further than the recital that the sale was in conformity with the charter and ordinances of said city, which deed the plaintiff admitted on the trial was null and void under the previous rulings of this court; in all other respects the deed, and all the acts of all the officers and parties anterior to the delivery of the deed, were in conformity with the charter and the ordinances of said city providing for the sale and conveyance of lands for the non-payment of taxes, and said lands were taxable for said years. Said deed was duly acknowledged, and was duly recorded in the office of the register of deeds of said county, on the 20th day of May, 1882.

"2. The defendant John C. Tarr is the husband of the defendant M. E. Tarr; and ever since 1861 they have been residing with their family on the property in controversy, and occupying the same as their homestead; and during all of that time the defendant M. E. Tarr has held in her own name the patent title to said property."

"The defendant, M. E. Tarr, is the owner of said property, the lots in controversy, and is entitled to the enjoyment and possession of the same, free and clear from all taxes and tax liens of the plaintiff. And as conclusions of law, the court finds for the defendants J. C. Tarr and M. E. Tarr, and that they are entitled to recover their costs herein from the plaintiff, and finds for said defendants."

The complaint of plaintiff is, that the court refused to find the taxes paid by him were a lien upon the tract described in his tax deed. The court evidently held that the right he

might have once had was barred by the statute of limitations. The plaintiff's deed was filed for record May 20, 1882. This action was commenced against John C. Tarr May 20, 1884, but the other defendant, Mrs. M. E. Tarr, who was the owner of the property, was not made defendant until June 23, 1886. She had been occupying the premises ever since the taxes were levied. Ordinarily, where the owner occupies the premises, all right under a tax deed, either of recovery of the land or for a tax lien, is barred in two years. The plaintiff does not controvert this, but claims that the tax deed was absolutely void, and therefore the recording of it would not set the statute of limitations running. Neither the tax deed nor the ordinance of the city of Leavenworth has been brought here, but it is stipulated in the case that said ordinance contained no form for a city tax deed, nor any statement what the deed should contain. In the absence of both the deed and the ordinance, it will be presumed the court held correctly, and that the deed was sufficient on its face to set the statute of limitations running against it from the date of its filing for record.

The plaintiff contends that the ordinary rule concerning the owner of land should not apply in this case, because it was occupied jointly as a homestead by the defendant John C. Tarr and M. E. Tarr. It is true that the husband had some interest in the homestead — a contingent, inchoate and uncertain one, differing from that of any other person — but the estate is vested in the wife, and at her death would descend to her heirs, or if alienated before death the consideration would belong to her. Under our law, where the husband and wife are allowed to have separate property and to carry on separate business, he has not such an interest in his wife's property that an action brought against him would prevent her from asserting any rights or defenses she might have against a party bringing such action. M. E. Tarr, the wife, was the owner of the land; all the taxes levied thereon were levied against her, and the husband would not certainly be individually responsible for taxes levied upon his wife's property.

Plaintiff further claims because Mrs. Tarr was made a defendant upon her own application during the trial, she is bound in an action the same as though she had been made defendant at the commencement of the suit. His claim is without foundation. She was bound to all the proceedings from and after the day she became a party to the action, not until then. This matter was settled in this state in *Toby v. Allen*, 3 Kas. 399.

Chief Justice CROZIER, speaking for the court, says:

"Being a party, the law also gave Toby a right to set up his claim as against Allen, the administrator, and the mortgaged premises; and in regard to his claim, he stood in precisely the same position with reference to the statute of limitations that he would have occupied had he commenced the suit himself at the time he first took affirmative action upon his demand. Making him a party did not affect his claim in the least, with reference to the statute. That gave him the privilege of setting it up in that proceeding, and nothing more. Had the plaintiff omitted to make him a party, the court, at any time before final judgment upon his own application, would have made him a party; in which event it would not have been pretended that the statute would have ceased to run as to his claim until such application was made. Why in the nature of things, then, should the making of him a party originally, suspend the running of the statute? Whether that law shall operate to bar his claim is made to depend entirely upon his own action, subject to the conduct of the debtor as to absence, concealment, payment, etc. Its operation in no event is made to depend upon the action of third persons. No matter who shall commence a suit or who shall forbear, the operation of the statute depends wholly, subject to the exceptions above referred to, upon the action of the owner of the claim sought to be enforced."

In that case the plaintiff made Toby the defendant—in this case Mrs. M. E. Tarr was made defendant upon her own motion. The difference, however, would not change the rule as therein enunciated. (*Lanoue v. McKinnon*, 19 Kas. 408.)

We believe the judgment of the court was right, and recommend its affirmance.

By the Court: It is so ordered.

All the Justices concurring.